226 West Second Street
Flint, MI 48502

**UNITED STATES BANKRUPTCY COURT**
Eastern District of Michigan

Case No.: **18–32740–dof**

In Re: (NAME OF DEBTOR(S))

    Ada R. Ulmer

_____/

**CHAPTER 13 CASE MANAGEMENT ORDER**

To further the expeditious and economical resolution of this case, and pursuant to the Court's authority under 11 U.S.C. § 105(d), the following procedures will apply in this case:

1. The Court will consider confirmation of the debtor's plan only if the debtor's attorney has filed with the Court the confirmation hearing certificate and has emailed a proposed order confirming plan, in Microsoft Word or WordPerfect format, to the Chapter 13 Trustee's office by 4:30 p.m. six days before the confirmation hearing. A formatted version of this order is available on the Court's website at http://www.mieb.uscourts.gov under "Local Forms" and on the Chapter 13 Trustee's website at http://www.flint13.com. The Trustee's email address for this purpose is: confirmations@flint13.com.

2. Before the debtor's attorney emails the proposed order confirming plan to the Trustee, the debtor and all parties objecting to confirmation must undertake all reasonable efforts to resolve the objections that were timely filed by creditors and the Trustee.

3. If, after all reasonable efforts, impasse is reached between the debtor and any objecting parties regarding any objections, then the debtor's attorney must email to the Trustee, by the deadline established in paragraph 1:

    (a) A proposed order confirming the plan (1) that is signed by the creditors whose objections have been resolved, and (2) that states the debtor's proposed resolution of the parties' remaining objections;

    (b) A certificate, filed with the Court and served on any creditors whose objections are not resolved, stating (1) that the debtor and the specified objecting parties are at an impasse in their reasonable efforts to resolve objections, (2) the legal and factual issues to be resolved in connection with the remaining objections to confirmation, and (3) any request for an adjournment and any reasons why good cause exists for the adjournment. A copy of this certificate is attached to this Order, and forms for this certificate in Microsoft Word format are available on the Court's website under "Local Forms"; and

    (c) If an adjournment is requested, the attorney must submit not only the proposed order confirming the plan, but also a stipulation and order for adjournment to the Trustee.

4. If the debtor's attorney does not timely email a proposed order confirming plan as provided in either paragraph 1 or paragraph 3(a), or does not timely file and serve the certificate as required in paragraph 3(b), then the debtor's attorney must appear for a hearing on the contested docket even if the matter becomes confirmable at the status conference, to explain why the order confirming plan or the confirmation hearing certificate was not timely submitted or filed. **Failure to appear may result in reduction of attorney fees not to exceed $500.00.**

5. The above procedures only apply to cases that are scheduled for a confirmation hearing. There will continue to be status conferences for all confirmation matters (other than those for which a confirmation order signed by all necessary parties has been emailed to the Trustee by the deadline stated in paragraph 1 above,) and for any matters scheduled for hearing on a motion (other than those matters scheduled by separate Court order such as a show cause order or an expedited hearing). If at the status conference the parties are unable to resolve the matter it will be heard by the judge during the contested hearing.

6. Any proposed confirmation orders that require revisions or additional signatures after the deadline established in paragraph 1 above (*e.g.,* because objections are resolved by agreement at the status conference or by a decision of the Court in the contested hearing), must be revised and/or signed before or at the status conference.

7. These procedures do not apply to cases involving debtors who are not represented by counsel.

Dated: 11/30/18

          /s/ Daniel S. Opperman.Flint
Daniel S. Opperman.Flint
United States Bankruptcy Judge

United States Bankruptcy Court
Eastern District of Michigan

In re: Ada R. Ulmer

    Debtor.

_____/

Case No. **18−32740−dof**

Judge: **Daniel S. Opperman.Flint**

Debtor's Chapter 13 Confirmation Hearing Certificate
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to:[Check ONE of the following]

1. \_\_\_\_Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. \_\_\_\_Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    Trustee Objections:
    Issues:

    Creditor # 1:
    Objections:
    Issues:

    Creditor # 2:
    Objections
    Issues:

3. \_\_\_\_Request an adjournment of the confirmation hearing to _____ due to the following good Cause:

4. \_\_\_\_Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11,or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 7 days.]

5. \_\_\_\_Convert the case to Chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

_____
Debtor's Attorney

```
                              United States Bankruptcy Court
                              Eastern District of Michigan
In re:                                                                       Case No. 18-32740-dof
Ada R. Ulmer                                                                 Chapter 13
         Debtor                    CERTIFICATE OF NOTICE
```

District/off: 0645-4          User: jmcfa               Page 1 of 1              Date Rcvd: Nov 30, 2018
                              Form ID: 13csmgto         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 02, 2018.
db             +Ada R. Ulmer,    1061 River Forest Dr.,    Flint, MI 48532-2803

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 30, 2018 at the address(es) listed below:
              Brian J. Small    on behalf of Debtor Ada R. Ulmer bankruptcy@thavgross.com,
               R46678@notify.bestcase.com
              Carl  Bekofske    ECF@flint13.com, ECFII@flint13.com
                                                                                             TOTAL: 2